Dear Senator Webster:
This is in response to your request for our official legal opinion relative to the following questions:
 1. Are there any provisions in state law which would prohibit payment pursuant to the Rural Health Clinic Services Act (PUB. L. 95-210) for services rendered by registered nurses in rural health clinics so long as such services are authorized by section 335.016(8), RSMo?
 2. Do such services authorized by section 335.016 include making a nursing diagnosis, as distinguished from a medical diagnosis, when not under the direct or general supervision of a physician?
The Federal Social Security Act authorizes certain payments toward the costs of professional care necessitated by illness, disease or injury that is rendered to the elderly (Title XVIII, Medicare) or to the indigent (Title XIX, Medicaid). Included in such care are "services" that may be delivered in a "rural health clinic." According to the federal law, a rural health clinic must meet, among other requirements, the following one:
 [I]n the case of a facility which is not a physician-directed clinic, [it must have] an arrangement (consistent with the provisions of State and local law relative to the practice, performance, and delivery of health services) with one or more physicians . . . under which provision is made for the periodic review by such physicians of covered services furnished by . . . nurse practitioners, the supervision and guidance by such physicians of . . . nurse practitioners, the preparation by such physicians of such medical orders for care and treatment of clinic patients as may be necessary, and the availability of such physicians for such referral of and consultation for patients as is necessary and for advice and assistance in the management of medical emergencies; and, in the case of a physician-directed clinic, has one or more of its staff physicians perform the activities accomplished through such an arrangement; 42 USCA § 1395x
(aa) (2) (B).
The "covered services" referred to in the above provision are elsewhere defined in the federal law:
 [P]hysicians' services and such services and supplies . . . if furnished as an incident to a physician's professional service,
 [S]uch services furnished by a . . . nurse practitioner and such services and supplies furnished as an incident to his service as would otherwise be covered if furnished by a physician or as an incident to a physician's service, . . . 42 USCA § 1395x(aa) (1) (A) (B).
 [S]ervices and supplies (including drugs and biologicals which cannot, as determined in accordance with regulations, be self-administered) furnished as an incident to a physician's professional service, of kinds which are commonly furnished in physicians' offices and are commonly either rendered without charge or included in the physicians' bills; 42 USCA § 1395x(s) (2) (A).
 [A] . . . nurse practitioner . . . performs such services as such individual is legally authorized to perform (in the State in which the individual performs such services) in accordance with State law (or the State regulatory mechanism provided by State law), and who meets such training, education, and experience requirements (or any combination thereof) as the Secretary may prescribe in regulations. 42 USCA § 1395x(aa) (3).
A registered professional nurse is authorized by state law to do the following:
 . . . [perform] for compensation . . . any act which requires substantial specialized education, judgment and skill based on knowledge and application of principles derived from the biological, physical, social and nursing sciences, including, but not limited to:
 (a) Responsibility for the teaching of health care and the prevention of illness to the patient and his family; or
 (b) Assessment, nursing diagnosis, nursing care, and counsel of persons who are ill, injured or experiencing alterations in normal health processes; or
 (c) The administration of medications and treatments as prescribed by a person licensed in this state to prescribe such medications and treatments; or
 (d) The coordination and assistance in the delivery of a plan of health care with all members of the health team; or
 (e) The teaching and supervision of other persons in the performance of any of the foregoing; Section 335.016(8), RSMo 1978.
Medicare is funded under the auspices of the federal government without state financial participation. Medicaid is predominantly funded by the federal government but there is significant state financial participation. Accordingly, payment for Medicare services is governed entirely by federal laws and regulations. Payment for Medicaid services is governed by both federal law and regulations and any complementary and consistent state law and regulations that may exist. The law of this state pertaining to Medicaid is set forth in Chapter 208, RSMo and Section 208.152
specifically identifies separate categories of services and supplies eligible for state financial participation in the partially federally funded Medicaid program.
In light of the above, and in response to your first question, we are of the opinion that the services of a registered professional nurse which are within the parameters of Section 335.016(8) could be eligible for Medicare payments if and to the extent that the federal government or its officers and agents determine such services to be compensable according to the federal rural health clinic laws and regulations. We are of the further opinion that services of a registered professional nurse which are within the parameters of Section 335.016(8) could be eligible for Medicaid payments under the Federal Rural Health Clinic law and regulations and the complementary state law, Section 208.152. Therefore, it is the opinion of this office that Missouri state law would not prohibit payment pursuant to the Rural Health Clinics so long as such services are authorized by Section 335.016(8), RSMo.
In response to your second question, it is our opinion that Section 335.016(8) authorizes a registered professional nurse to make a nursing diagnosis on ill or injured persons, as distinguished from a medical diagnosis, absent either the direct or general supervision of a licensed physician.
Very truly yours,
 JOHN ASHCROFT Attorney General